IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARREL DUTY, | Case No. 5:20-CV-2647 |
| Plaintiff, | |
| v. | JUDGE DAN AARON POLSTER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **MEMORANDUM OPINION & ORDER** |

On November 25, 2020, Plaintiff Darrell Duty ("Duty"), filed a complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision denying his application for supplemental security income ("SSI"). ECF Doc. 1. The Court referred the case to Magistrate Judge Jonathan Greenberg for preparation of a report and recommendation ("R&R") pursuant to 42 U.S.C. § 405(g) and Local Rule 72.2(b). The case was later reassigned to Magistrate Judge Darrell Clay, who has recommended that the Court affirm the decision of the Commissioner. ECF Doc. 18. Duty's objection asserts that the administrative law judge's ("ALJ") failed to consider Duty's need and use of hand braces and a cane, and that Magistrate Judge Clay did not properly analyze these issues.

The Court has reviewed the record, the briefings, the R&R and Duty's objection. ECF Doc. 19. Because the Commissioner's decision to deny SSI was supported by substantial evidence, the Court overrules Duty's objections, slightly modifies the R&R, and adopts the

Magistrate Judge's recommendation. Accordingly, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

**I.	Background**

Mr. Duty filed an application for SSI on November 20, 2017. ECF Doc. 12 at 19. His claims were denied initially and upon reconsideration. He then requested a hearing before an administrative law judge. ECF Doc. 12 at 128. Mr. Duty (represented by counsel), and a vocational expert ("VE") testified at a hearing before the ALJ on May 20, 2019. ECF Doc. 12 at 36. On December 30, 2019, the ALJ found Mr. Duty not disabled in a written decision. ECF Doc. 12 at 16.

Of relevance here, the ALJ determined that Duty could "perform light work as defined in 20 CFR 416.967(b) except: he can stand or walk for four hours in an eight hour workday, but must be permitted to alternate positions between sitting and standing at intervals of 30 minutes or longer while remaining at his work station and on task; he can occasionally operate hand controls and frequently handle or finger with his bilateral upper extremities; he can occasionally operate foot controls with his bilateral lower extremities; he can occasionally climb ramps or stairs, but can never climb ladders, ropes, or scaffolds; he can frequently balance, and occasionally stoop, kneel, crouch, or crawl; he must avoid all exposure to bright lights such as headlights, flashlights, spot lights, or strobe lights; he must avoid all exposure to workplace hazards such as unprotected heights; he can perform simple, routine tasks, but not at a production rate pace (as in assembly line work), and not with strict production quotas; he can interact occasionally with others, with no responsibility for sales, arbitration, negotiation, confrontation, conflict resolution, or the safety or welfare of others; he can never interact with members of the public as part of his

job duties; and he can adapt to occasional changes in the work setting or routine, so long as those changes are explained in advance and implemented gradually." ECF Doc. 12 at 23-24.

The Appeals Council denied Mr. Duty's request for review, making the hearing decision the final decision of the Commissioner. ECF Doc. 12 at 5. Mr. Duty timely filed this action on November 25, 2020. ECF Doc. 1.

## II.     Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854-55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

3

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility.  *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).  Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it.  "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854-55.  This is true even if substantial evidence also supports the claimant's position.  *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).  Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'"  *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

### III. Law & Analysis

Duty objects to Magistrate Judge Clay's R&R because he found that Duty's use of hand braces was a "subjective symptom statement," even though it wasn't. ECF Doc. 19 at 1-3. Duty also contends that Magistrate Judge Clay's R&R incorrectly relied on *post hoc* arguments related to Duty's use of a cane. ECF Doc. 19 at 3-6. Duty's arguments are addressed below.

#### A. Hand Braces

Duty argues that his use of hand braces was not a "subjective symptom statement." He has cited numerous medical records showing abnormal findings in his upper extremities including a diagnosis of carpal tunnel syndrome, which would explain his use of hand braces. ECF Doc. 19 at 2. The Court agrees with Duty that his use of hand braces was not a subjective symptom statement. The Court modifies Magistrate Judge Clay's R&R accordingly.

The Court also agrees that Duty raised the issue of using hand braces in his brief on the merits. ECF Doc. 14 at 14-17. However, he raised it in the context of arguing that the ALJ should have assigned more weight to the opinion of Dr. Shah, but the Court agrees that Dr. Shah's opinion was not entitled to more weight. It follows that, even though the Court agrees that Duty's use of hand braces was not merely a subjective symptom complaint, that finding has no impact on the outcome of Duty's claim.

On August 26, 2019, Dr. Shah signed a letter stating,

> To Whom it May Concern: Darrel Duty was seen in my clinic on 8/26/2019. He does benefit from use of his cane due to his right hip pain. Also he benefits from his wrist splints due to his carpal tunnel syndrome. If you have any questions or concerns, please don't hesitate to call.

ECF Doc. 12 at 880. Dr. Shah's letter was vague and provided little assistance to the ALJ who was required to determine what, if any, work Mr. Duty could still do. Dr. Shah's letter stated that Mr. Duty "benefited" from using a cane and wrist splints, but it didn't place any specific

functional limitations on his ability to work. The ALJ recognized this when she stated, "Dr. Shah did not provide a function-by-function analysis of specific limitations, stated in vocational terms…" ECF Doc. 12 at 28.

At Step Four of the sequential analysis, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 416.920(e). The RFC determination sets out an individual's work-related abilities despite his or her limitations. See 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(a). SSR 96-8p states that: "[t]he adjudicator must consider all allegations of physical and mental limitations or restrictions and make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." SSR 96-8P, 1996 WL 374184, (S.S.A. July 2, 1996). Factors to be considered include: medical history; medical signs and laboratory findings; the effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication); reports of daily activities; lay evidence; recorded observations; medical source statements; effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment; evidence from attempts to work; need for a structured living environment; and work evaluations, if available. SSR 96-8P.

Here, the ALJ considered the record evidence, including Duty's carpal tunnel syndrome and use of hand braces. She specifically discussed these in her decision. ECF Doc. 12 at 25-28. She also discussed the letter from Dr. Shah endorsing a benefit from the use of hand braces. ECF Doc. 12 at 28. But Dr. Shah's letter did not establish that Duty's RFC should be more limited. In fact, Duty doesn't even argue that his RFC should have been different based on Dr. Shah's letter. *See* ECF Doc. 19. The reality is that Duty's use of hand braces may not have had

*any* impact on his ability to work. The VE testified that most employers would not consider the use of hand braces a special accommodation for work. ECF Doc. 12 at 71. The VE's testimony further illustrated that the use of hand braces would not necessarily impact an individual's ability to use his hands and fingers for work.

> Q. The use of hand braces, how would that affect a person's ability to work any of the jobs you listed? And by hand braces, I'm talking about one that would actually limit the person's ability to move their wrist or to even move their thumb.
>
> A. If I may, Counsel, if you can maybe pose that in what limitation that would supply as far as manipulatives, would it reduce the handling and fingering down to something other than frequent as Her Honor had suggested?

ECF Doc. 12 at 71.

"[N]ot every diagnosable impairment is disabling." *Merrill v. Colvin,* No. 2:14-cv-262, 2015 U.S. Dist. LEXIS 48297 (S.D. Ohio April 12, 2015), citing *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 713 (6th Cir. 2013). Disability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it. *Hill v. Comm'r of Soc. Sec.*, 560 F. App'x 547, 551 (6th Cir. 2014). It is plaintiff's burden to prove the severity of his impairments, and to provide evidence establishing his RFC. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *Osborn v. Comm'r of Soc. Sec.,* No. 14-CV-10832, 2015 U.S. Dist. LEXIS 19860 (E. D. Mich. Feb. 18, 2015). Here, Duty had the burden to show that he was unable to function at the RFC determined by the ALJ—light exertional level with occasional operation of hand controls and frequent handling or fingering with his upper extremities. Duty's use of hand braces, although not merely a subjective complaint, was also not irrefutable proof that he was unable to function at the RFC assessed by the ALJ. Duty has not set forth a basis for reversing the ALJ's RFC determination.

### B. Post Hoc Arguments Regarding Cane

Duty also contends Magistrate Judge Clay should have recommended reversal due to the ALJ's failure to properly analyze Duty's use of a cane. Duty argues that the R&R "took liberties" in adopting arguments by the Commissioner in relation to Duty's use of his cane in order to justify the ALJ's decision. The Court disagrees.

As noted above, it is for the ALJ to determine a claimant's RFC by considering all the relevant medical and other evidence. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 416.920(e). To require that an ALJ include a cane in a claimant's RFC, a claimant must establish through medical evidence that a cane is a medical necessity. *Carreon v. Massanari*, 51 F. App'x 571, 575 (6th Cir. 2002). "If a cane is not a necessary device, it cannot be considered a restriction or limitation on a claimant's ability to work." *See Stewart v. Comm'r of Soc. Sec.*, 811 F. App'x 349, 353 (6th Cir. 2020) (doctor's examination note stating "[t]he patient uses a cane for ambulation" did not show that claimant had a medical necessity for using a cane).

Duty hasn't cited any medical records stating that he *required* a cane to ambulate. Instead, he has cited numerous records showing: 1) that he was using a cane; and 2) medical reasons why he might need a cane. He has also cited Dr. Shah's letter stating that he "benefitted" from the use of a cane. But this evidence was not enough. Dr. Shah's letter did not state that Duty's cane was medically *necessary*. And Duty testified that he could walk for approximately 15 minutes without his cane. ECF Doc. 12 at 53. In short, Duty did not meet the burden of showing that his cane was a necessary medical device, and the ALJ was not required to incorporate the cane into her RFC determination.

It is true that the ALJ's decision did not include a detailed analysis about Duty's use of a cane or her decision to omit it from his RFC. ECF Doc. 12 at 24. The ALJ noted that Dr. Shah's opinion about the use of a cane did not indicate that Duty *required* a cane. She also noted that she thought an opinion that a cane was necessary would have been inconsistent with other evidence in the record. Because there was no opinion or medical evidence showing that Duty's cane was medically necessary, the ALJ was not required to further explain her omission of the cane from his RFC. Nor did Magistrate Judge Clay err in recommending the Court affirm the ALJ's decision.

If the ALJ's RFC determination is supported by substantial evidence, it must stand. Here, the ALJ concluded that Duty's use of hand braces and a cane was not preclusive of any and all work. Duty has failed to show otherwise. In reaching her conclusions as to the severity of Duty's impairments and his RFC, the ALJ properly considered all of the record evidence—including Dr. Shah's medical opinion and Duty's use of hand braces and a cane. ECF Doc. 12 at 28. Because the ALJ properly applied the relevant regulations, and because her resulting conclusions are supported by substantial evidence, the Court must affirm the Commissioner's decision. After conducting a *de novo* review as to those portions of the R&R to which Duty objected, the Court agrees with Magistrate Judge Clay's recommendation that the Commissioner's decision should be affirmed.

## IV.  Conclusion

For the reasons discussed above, the Court overrules Duty's objections to the R&R. The Court modifies one minor point in Magistrate Judge Clay's R&R because the Court agrees that Duty's use of hand braces were not merely a subjective symptom complaint. Otherwise, the Court adopts Magistrate Judge Clay's R&R. Because the Commissioner's decision to deny SSI

9

was supported by substantial evidence, the Court AFFIRMS the ALJ's decision and DISMISSES the case, with prejudice.

**IT IS SO ORDERED.**

Dated: April 19, 2022                                         *s/Dan Aaron Polster*
                                                              United States District Judge